LAW OFFICES OF GREG W. GARROTTO
Greg W. Garrotto, State Bar #89542
1875 Century Park East, Suite 2230
Los Angeles, California 90067
Telephone (310) 229-9200
Fax (310) 229-9209
e-mail jjggarrotto@msn.com

Attorneys for Plaintiff Matthew C. Lopez

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW C. LOPEZ, <br><br> Plaintiff <br><br> vs. <br><br> COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFFS DEPARTMENT, an agency of the County of Los Angeles; CORRECTIONAL HEALTH SERVICES, an agency of the County of Los Angeles; DOES 1 to 10, Inclusive, <br><br> Defendants | Case No. <br><br> COMPLAINT FOR DAMAGES BASED ON: <br><br> 1. MEDICAL NEGLIGENCE <br> 2. FAILURE TO SUMMON IMMEDIATE MEDICAL CARE (Cal. Gov't Code Section 845.6) <br> 3. VIOLATIONS OF FEDERAL CIVIL RIGHTS (42 U.S.C. Section 1983) <br><br> DEMAND FOR JURY TRIAL |

## 1. JURISDICTION

1. This Court has jurisdiction of the within matter.  This Complaint is based on violations of Title 42 U.S.C. Section 1983 in that the Plaintiff is seeking redress for violations of his Civil Rights guaranteed under the 14th Amendment to the United States Constitution, to wit; protection against cruel and unusual punishment and deprivation of life and liberty without due process of law.

## 2. GENERAL ALLEGATIONS

2. Plaintiff, MATTHEW C. LOPEZ is at all times mentioned in this Complaint a resident of the County of Los Angeles, California.

3. Plaintiff is informed and believes and thereon alleges that at all times Defendant County of Los Angeles was a public entity, a  Municipal Corporation or agency organized and existing by virtue of the laws and Constitution of the State of California.  The Defendants Los Angeles County Sheriff's Department and Correctional Health Services were  agencies of the Defendant County of Los Angeles.   The Defendant Los Angeles County Sheriffs Department among other responses, operates and maintains the jail facilities of the County of Los Angeles. Defendant Correctional Health Services provides medical and other health care services to the inmates detained within the Los Angeles County Jails.

4. Plaintiff is informed and believes and thereon alleges that Defendants Does 1-10 are public employees who are employees and agents of the Los Angeles

COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

Sheriff's Department or Correctional Health Services, agencies of the Defendant County of Los Angeles.

5. At all times mentioned herein, Defendants Does 1-10 were acting in the course and scope of their employment with the Defendant County of Los Angeles and therefore said Defendants are liable for the acts of said defendants Does 1-10 under the doctrine of respondeat superior as set forth in Government Code Section 815.2(a).

6. At all times herein, Plaintiff was a pre-trial detainee in the Los Angeles County Jails operated by the Los Angeles County Sheriffs Department. In December, 2024 up to January 2, 2025, Plaintiff was held in the North County Correctional Facility (NCCF), a jail facility located in Castaic, California. While being held in said facility, Plaintiff developed left eye pain and swelling which was not treated for at weeks. When Plaintiff was finally admitted to hospital, he was diagnosed with sepsis secondary to an orbital abscess with left facial cellulitis, secondary optic neuritis and parasinusitis with probable retinal damage. As a result, Plaintiff lost vision in his left eye. The loss of vision in the left eye was occasioned by the failure of Defendants and each of them, who were medical personnel assigned to the medical facilities in NCCF or custodial officers assigned to said facility to acknowledge that Plaintiff had a serious medical need and provide him with medical care.

COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

7. At the all times mentioned, Defendants Doe 1-10 were engaged in the duties of their employment with the Los Angeles County Sheriff's Department or Correctional Health Services, agencies of the County of Los Angeles. Within said course of employment, said Defendants had the duty and responsibility of either acting as custodial officers or providing medical care to prisoners and detainees in said jail facility.

8. The Defendants and each of them, in that Plaintiff was a pre-trial detainee, failed to act in a reasonable objective manner. Said Does that were custodial officers failed to identify that Plaintiff had a serious medical need for which Plaintiff required medical care. Said Does would have, from a layperson standpoint, would have been aware by obervation and contact with Plaintiff that he required immediate medical care for his eye and that through their simple observations would have known that they should alert medical personnel charged with providing medical care. The Does that were medical providers at NCCF should have been aware through Plaintiff and their observation of his condition that he required medical care for a a serious medical condition that could not be provided through the medical facilities of NCCF.

9. Said conduct by Does 1-10 is evidence of a custom, unwritten policy and practice that has been known about and acquiesced in and ratified through inaction and the failure of Defendant County of Los Angeles and its agents and employees.

COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

It has been a longstanding issue in the County of Los Angeles that the jail facilities managed and controlled by the County of Los Angeles Sheriff's Department and Correctional Health Services provide medical services that both fail to provide care that meets the standard of practice in the community and are violative of the 14th Amendment rights of pre-trial detainees as well as the 8th Amendment rights of convicted prisoners.  Said deficiencies have been identified and investigated through multiple investigations conducted by County of Los Angeles, State and Federal agencies including but not limited to the Los Angeles County Board of Supervisors, the California State Attorney's General Office and the United States Department of Justice.   The policy makers of the Los Angeles County Sheriffs Department and Correctional Health Services have been long aware of the deficiencies in the provision of medical care and have failed to take those actions necessary to correct them.  Even though there have been marginal efforts through the years to change these practices in the jails, the Defendants and each of them have acted with deliberate indifference both in the provision of medical care and the correction of institutional deficiencies.

10.   As a result of said unlawful conduct on the part of Defendants, the Plaintiff was denied medical care for a serious medical need and suffered injury and sustained special and general damages in such amounts according to proof at the time of trial.

COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

11.  The Plaintiff has exhausted his administrative remedies under the Prison Litigation Reform Act of 42 U.S.C. Section 1997e.  The Plaintiff has also complied with the Claims requirement under the California Government Code.

**3.  FIRST CAUSE OF ACTION FOR MEDICAL NEGLIGENCE (AS TO ALL DEFENDANTS)**

12.  Plaintiff herein incorporates paragraphs 1 through 11 as through set forth within this cause of action.

13.   Defendants Does 1-5 were healthcare providers who were employees of the County of Los Angeles and or its agencies the Los Angeles County Sheriffs Department and Correctional Health Services.  Said Defendants were charged with providing medical care and services to pre-trial and convicted detainees and prisoners of the Los Angeles County Jail Facilities including but not limited to the North County Correctional Facility (NCCF).  Said Defendants were responsible for providing medical care and other services that was within the standard of practice in the community.  Said standard of practice means that said Defendants were mandated to act according to that standard that would be held by a reasonable healthcare practitoner with similar training and experience under similar circumstances.

14.  The Defendants and each of them failed to identify that Plaintiff had a serious need in that Plaintiff had an infection of the left eye which extended into

COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

the adjacent tissues which could have been diagnosed by the fact that the Plaintiff had eye pain and swelling.   The Defendants further failed to provide and delayed medical care which resulted in cellulitis, soft tissue infection, damage to the optic nerve and pansinusitis, an infection of all four sinuses.  It was foreseeable from the failure to provide care that Plaintiff would suffer severe and irreparable damage to his eye.

15.  As a result of said neglience, the Plaintiff suffered severe injuries including but not limited to the loss of his eye and other damages.  He also suffered general damages for his pain and suffering.

**4.  SECOND CAUSE OF ACTION FOR FAILURE TO PROVIDE MEDICAL CARE (Government Code Section 845.6) (AS TO ALL DEFENDANTS)**

16.  Plaintiff herein incorporates paragraphs 1 through 15 as though set forth within this cause of action.

17.  Defendants 6-10 were employees of the Los Angeles County Sheriffs Department who had custodial functions within North County Correctional Facility.  One of the pre-trial detainees who they had the responsibility to supervise was the Plaintiff. During the course of their supervision of Plaintiff the Defendants became aware that he began to have medical signs and symptoms which would have alerted Defendants and each of them that Plaintiff required

COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

immediate medical aid.  The symptoms that would have been discerned by a reasonable custodial officer would be complans of pain and vision impairment along with tissue abnormalities around the left eye including swelling. Said signs and symptoms would have alerted Defendants that they needed to have Plaintiff immediately seen for medical aid.

18.  Because of the fact that said referral for medical care was not made, the Plaintiff suffered catastrophic injury which consisted of a loss of an eye and other injuries causing damages.  Said Plaintiff also suffered pain and suffering and general damages according to proof.

## 5.  THIRD CAUSE OF ACTION- VIOLATION OF CONSTITUTIONAL RIGHTS UNDER THE FOURTEENTH AMENDMENT (AS TO ALL DEFENDANTS)

19.  Plaintiff herein incorporates paragraphs 1-18 as though set forth within this cause of action.

20.  This is a cause of  action for deprivation of constitutional rights under color of state law brought pursuant to the recodification of section 1979 of the Civil Rights Act of 1871, Title 42 U.S.C. §1983, for remedies for Defendants' deprivation of Plaintiff's civil rights.  Plaintiff alleges that Defendants, each and all of them,  have deprived Plaintiff of his civil rights by failing to provide him with medical care for a serious medical need without due process of law, in

COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

violation of his rights guaranteed under the 14th Amendment to the Constitution of the United States of America; therefore depriving him of life and liberty.

21.  The Defendants and each of them, acted with deliberate indifference which knowingly subjected the Plaintiff to acts and injuries that constituted an unreasonable deprivation of life and liberty,  all in violation of the Plaintiffs rights guaranteed by the 14th Amendments to the United States Constitution.  By this action, Plaintiff seeks all legal and equitable relief to which he may be entitled, including but not limited to compensatory and punitive damages, attorneys fees and costs, prejudgment interest and injunctive relief against Defendants and each of them.

22.  At all times hereinafter mentioned, Defendants 1-10 became aware that the Plaintiff was suffering signs and symptoms of a serious medical condition in that he suffered swelling and left eye swelling which would have indicated to a reasonable person that he had an infection and needed medical care.  The Defendants and each of them made the intentional decision to not provide and to delay the provision of medical care which Defendants knew or should have known would only aggravate Plaintiff's condition.

23.  Said actions of Defendants put the Plaintiff at a substantial risk of suffering serious harm as Defendants knew or should have known that not providing care or by delaying care, the infection would grow worse and cause

COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

serious damage.

24. The Defendants did not take reasonable available measures to abate the risk of infection and or further injury, which simply would have involved providing Plaintiff with adequate and competent medical care. A reasonable custodial officer or health care provider would have appreciated the high degree of risk involved in failing to provide care and or rendered care, making the consequences of what Defendants did obvious. The Defendants actions constituted reckless disregard for the rights of Plaintiff.

25. Does 1-10 were acting as the agents and/or employees of the Defendant County of Los Angeles and its agency Los Angeles County Sheriffs Department, and in doing all of the things aforementioned were acting under color of their authority as such, and under color of the statutes, ordinances, regulations, customs and usages of the Defendants County of Los Angeles, Los Angeles County Sheriff's Department and Correctional Healthcare Services..

26. Said conduct by Does 1-10 is evidence of a custom, unwritten policy and practice that has been known about and acquiesced in and ratified through inaction and the failure of Defendant County of Los Angeles to adopt and or implement corrective measures. The culture and the custom and practices in the Los Angeles County Jail facilities amongst custodial personnel, ratified and supported by policy makers has been to provide medical care that does not meet

COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

constitutional requirements nor the standard of practice in the community. Defendant County and Does 1-10 have been aware of this failure as it has been brought to Defendants attention by investigations commissioned by the County of Los Angeles Board of Supervisors, the State of California Attorney General and the United States Department of Justice.  Over decades, the Los Angeles County Jails have been deemed to have unconstitutional conditions including but not limited to inadequate medical care.  Even though there have been marginal efforts through the years to change these practices in the jails, the Defendants and each of them have continued to act with deliberate indifference in their actions as set forth herein.

27.  The actions of the defendants and each of them deprived the Plaintiff of his constitutional rights guaranteed under the 14th Amendment to the United States Constitution which prohibit cruel and unusual punishment as to pre-trial detainees.

28.  By reason of the Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured by the Constitution of the United States and the laws thereunder in that said detention deprived the Plaintiff of life and liberty without due process that is guaranteed under the 14th Amendment to the United States Constitution.

29.  As a result of the Defendants' actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has sustained great physical and

COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

mental pain and suffering and special and general damages, all in amounts according to proof at the time of trial

30.  The above recited action of the individual Defendants in depriving Plaintiff of his constitutionally protected rights were done with evil motive or intent, or with reckless, callous and deliberate indifference to cause Plaintiff unnecessary and wanton infliction of pain.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them as follows:

1. For general damages in an amount according to proof;

2.  For the reasonable value of such medical expenses, past and future, according to proof,

3.  For other special damages according to proof;

4.  For Punitive Damages in an amount appropriate to punish Defendants Does 1-10 for their wrongful conduct and set an example for others;

5.  For reasonable attorney fees pursuant to Title 42 U.S.C. Section 1988;

6.  For such other and further relief as the Court may deem just and proper.

Dated: 9.19.2025                    LAW OFFICES OF GREG W. GARROTTO

                                    /s/Greg W. Garrotto
                                    GREG W. GARROTTO

COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby request a jury trial pursuant to Federal Rules of Civil Procedure Section 38.

Dated: 9.19.2025                    LAW OFFICES OF GREG W. GARROTTO

/s/Greg W. Garrotto
GREG W. GARROTTO

COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL